UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>Jose Raul JIMENEZ-Lopez,<br><br>        Defendant | Magistrate Docket No. 07 MJ 2698<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **November 15, 2007** within the Southern District of California, defendant, **Jose Raul JIMENEZ-Lopez,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS <u>19th DAY OF **NOVEMBER, 2007**</u>

Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Jose Raul JIMENEZ-Lopez

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On Thursday, November 15, 2007, Supervisory Border Patrol Agent J. Dinise was assigned to The Campo Border Patrol Station Intelligence Unit. Agent Dinise was conducting smuggling interdiction operations near the intersection of Sunrise Highway and Interstate 8. Agent Dinise was operating in an unmarked service vehicle wearing plain street clothing. Sunrise Highway is routinely utilized by alien smugglers to pick up their aliens after they have circumvented the Interstate 8 Border Patrol Checkpoint in Pine Valley, California on foot.

At approximately 7:30 p.m., Supervisory Border Patrol Agent D. Landers assigned to The Campo Border Patrol Station Strike Team contacted Agent Dinise and relayed to him that his team was following a group that had activated a seismic intrusion device located east of Sunrise Highway in Laguna, California. Agent Landers was visually monitoring the group by utilizing a night vision monocular device. Agent Landers communicated that he saw approximately twelve individuals traveling west towards Sunrise Highway. At approximately 7:40 p.m., while Agent Dinise was parked at a turnout near the 16.5 mile-marker on Sunrise Highway when he observed a white full size van traveling north past his position. At approximately 7:45 p.m., Agent Landers relayed to Agent Dinise that a full size van had pulled onto the shoulder of Sunrise Highway near the 18.5 mile-marker and the group of twelve aliens were boarding the van. Agent Landers then stated that the van was traveling north on Sunrise Highway from the 18.5 mile-marker. Agent Dinise began driving northbound on Sunrise Highway in search of the white van, while several other Border Patrol Agents including, Francisco Rivera and Cody Sadberry drove north on Highway 79 in an attempt to intercept the vehicle where the two roads intersect.

At approximately 7:55 p.m., Agent Dinise observed the van still traveling north near the 26.5 mile-marker on Sunrise Highway. Agent Dinise initiated surveillance on the van from a distance in order not to alert the vehicle of his presence. Agents Sadberry and Rivera positioned themselves in the parking lot of The Lake Cuyamaca General Store in unmarked service vehicles in order to assist Agent Dinise in his surveillance operations. At approximately 8:20 p.m., the white van turned south onto Highway 79 from Sunrise Highway. At approximately 8:21 p.m., Agents Sadberry and Rivera joined Agent Dinise in following the van south on Highway 79. While the Agents Dinise, Sadberry, and Rivera were following the van, several other agents positioned themselves at the intersection on Highway 79 and Old Highway with controlled tire deflation devices in the event the van failed to yield to agents emergency lights and sirens.

At approximately 8:30 p.m., as Agent Dinise was turning a sharp corner he observed that the van had drove into a ditch onto the western shoulder of Highway 79 near the six mile-marker and several individuals were fleeing the vehicle bearing west through an open field. Agents Dinise and Sadberry arrived at the van and observed six individuals attempting to abscond. Agents Dinise and Sadberry identified themselves as United States Border Patrol Agents and questioned all six individuals as to their citizenship. Each individual including one later identified as the defendant **Jose Raul JIMENEZ-Lopez** stated that they were citizens of Mexico present in the United States without immigration documentation to allow them to remain or be here legally. When Agent Rivera arrived on scene he chased after several of the individuals that had fled from the van and was able to apprehend two of them. Agent Rivera identified himself as a United States Border Patrol Agent and questioned the two individuals as to their citizenship. The two individuals each stated that they were citizens of Mexico present in the United States without immigration documentation to be or remain here legally. All eight aliens including the defendant were arrested and transported to The Campo Border Patrol Station for processing.

**CONTINUATION OF COMPLAINT:**
Jose Raul JIMENEZ-Lopez

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on October 11, 2006 through Calexico, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was read his Miranda rights, which he acknowledged and was willing to make a statement without an attorney present. The defendant stated that he was a citizen and national of Mexico without valid immigration documents to enter or remain within the United States legally.

**Executed on November 17, 2007 at 9:30 A.M.**

_____
Ismael A. Canto
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 2 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **November 15, 2007,** in violation of Title **8,** United States Code, Section **1326.**

_____     _11/17/07_ @ _10:51 a.m._
Jan M. Adler                        Date/Time
United States Magistrate Judge